Hall, Judge.
 

 It appears from the caso stated for the opinion of this Court, that the PlaThtiff was desirous of ■ bidding for the land, unless his debt was secured. And I think he is entitled to the benefit of any proposition, which the Defendant made to him, that may have induced him not to bid ; because I think no person has a right to complain, that lie was injured by the proposition made, as tending to prevent a fair competition in bidding for the land. The proposition made by the Defendant may therefore be Considered on its own merits, freed from any
 
 *366
 
 consideration of public policy. The Defendant had purchased the land of
 
 Cox,
 
 and the Plaintiff had no
 
 lien
 
 upon it for his debt. But the Defendant told the Plaintiff, that he would as soon pay his debt as any other,
 
 if Cox was willing, and he had enough left after paying off the liens on the
 
 land. For it appears, that the land was bound for some debts, before the Defendant purchased it. At this stage of the proceedings, what was the Defendant’s liability ? It teas not absolute, because a main ingredient ivas wanting, namely,
 
 Cox's
 
 assent, and that was indispensable, because
 
 Cox
 
 surely had a right to the purchase money, after the land was released from the
 
 liens
 
 upon it, and as certainly the Sheriff had a right to the money, which the Defendant bid for it at tiie Sheriff’s sale. It is true, the Plaintiff might have bid for the land and run it up, so as to make it a hard bargain to the
 
 Defendant;
 
 but public policy did not require this. It appears, that the Plaintiff chose not to bid for the land, and thereby acquired the Defendant’s good will, although he ran the risk of getting
 
 Cox’s
 
 assent, that the Defendant should pay his debt. By this proceeding the Plaintiff’s right against
 
 Cox
 
 was not impaired.
 

 Pee. Curiam.-low be affirmed. -Let the judgment of the Court be-